UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XI QUN XU and YI DI XUE, individually and on behalf
all other employees similarly situated,

Plaintiffs,

- against -

JNP BUS SERVICE INC., TAOS GLOBAL GROUP
INC., XIAO LONG CHEN, WEN LIANG WU, PEI GEN
TAO, JOHN DOES and JANE DOES # 1-10

Defendants.

Case No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiffs XI QUN XU and YI DI XUE ("Plaintiffs") on his own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants JNP BUS SERVICE INC., TAOS GLOBAL GROUP INC., XIAO LONG CHEN ("Chen"), WEN LIANG WU ("Wu"), PEI GEN TAO ("Tao"), John Doe and Jane Doe # 1-10 ("Does") (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked,

minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) damages for Plaintiff's illegal termination by Defendants (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6), up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; 8) prejudgment and post-judgment interest; and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.     Plaintiff Xi Qun Xu is a resident of Brooklyn and was employed as a mechanic and car washer by JNP Bus Service Inc. and Taos Global Group, located at 755 Clinton Street, Brooklyn, NY 11231 from July 24, 2015 to December 15, 2015.

8.     Plaintiff Yi Di Xue is a resident of Brooklyn and was employed as a mechanic by JNP Bus Service Inc. and Taos Global Group, located at 755 Clinton Street, Brooklyn, NY 11231 from March 8, 2015 to December 17, 2015.

## DEFENDANTS

9.     Upon information and belief, Defendant, JNP Bus Service Inc. owns and operates a garage that services and repairs busses in Brooklyn, NY located at 755 Clinton Street, Brooklyn, NY 11231.

10.     Upon information and belief, Defendant, JNP Bus Service Inc. has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, JNP Bus Service Inc. purchased and handled goods moved in interstate commerce.

11.     Upon information and belief, Defendant Chen is the owner, officer, director and/or managing agent of JNP Bus Service Inc. at 755 Clinton Street, Brooklyn, NY 11231 and participated in the day-to-day operations of JNP Bus Service Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JNP Bus Service Inc.

12.     Upon information and belief, Defendant Chen owns the stock of JNP Bus Service Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

13.     Upon information and belief, Defendant Tao is the owner, officer, director and/or managing agent of JNP Bus Service Inc. at 755 Clinton Street, Brooklyn, NY 11231 and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JNP Bus Service Inc.

14.     Upon information and belief, Defendant Tao owns the stock of JNP Bus Service Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

15.     Upon information and belief, Defendants John Doe and Jane Doe # 1-10 are the owners, officers, directors and/or managing agents JNP Bus Service Inc. at 755 Clinton Street, Brooklyn, NY 11231 and participated in the day-to-day operations of JNP Bus Service Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JNP Bus Service Inc.

16.     Upon information and belief, Defendant John Doe and Jane Doe # 1-10 owns the stock of JNP Bus Service Inc. and manage and make all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2)

17.     Upon information and belief, Defendant, Taos Global Group owns JNP Bus Service Inc. and operates a garage that services and repairs busses in Brooklyn, NY located at 755 Clinton Street, Brooklyn, NY 11231.

18.     Upon information and belief, Defendant, Taos Global Group has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Taos Global Group purchased and handled goods moved in interstate commerce.

19.     Upon information and belief, Defendant Wu is the owner, officer, director and/or managing  agent  of Taos Global Group at 6311 Queens Blvd., Woodside, New York 11377 and participated in the day-to-day operations of Taos Global Group and acted intentionally and maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2 and the regulations thereunder, and is jointly and  severally  liable with Taos Global Group.

20.     Upon information and belief, Defendant Wu owns the stock of Taos Global Group. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

21.     Upon information and belief, Defendant Tao is the owner, officer, director and/or managing  agent  of Taos Global Group at 6311 Queens Blvd., Woodside, New York 11377 and participated in the day-to-day operations of Taos Global Group and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2 and the regulations thereunder, and is jointly and  severally  liable with Taos Global Group.

22.     Upon information and belief, Defendant Tao owns the stock of Taos Global Group and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

23.     Upon information and belief, Defendants John Doe and Jane Doe # 1-10 are the owners, officers, directors and/or managing agents Taos Global Group at 6311 Queens Blvd., Woodside, New York 11377 and participated in the day-to-day operations of Taos Global Group and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Taos Global Group.

24.     Upon information and belief, Defendant John Doe and Jane Doe # 1-10 owns the stock of Taos Global Group and manage and make all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2)

25.     At all times relevant herein, JNP Bus Service Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

26.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by JNP Bus Service Inc.

27.     At all times relevant herein, Taos Global Group was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Taos Global Group.

29.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour

premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

30.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

31.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

32.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

33.     From July 24, 2015 to December 15, 2015 Plaintiff Xu was hired by Defendants to work as a mechanic and car washer at Defendants' garage located at 755 Clinton Street, Brooklyn, NY 11231.

34.     From July 24, 2015 to September 30, 2015, Plaintiff Xu worked starting at 9:00 a.m. and ending at 12:00 a.m. five days per week.  One day each week, Plaintiff Xu worked from 9:00 a.m. to 2:00 a.m.  Plaintiff Xu usually took one day off each week on Saturday, but was required to work at least 4 – 15 hours on a Saturday two times each month during this period. During this period of time, Plaintiff Xu regularly worked at least ninety two (92) hours per week, and at least ninety six (96) hours when he was required to work Saturdays.

35.     From October 1, 2015 to December 15, 2015, Plaintiff Xu worked starting at 10:00 a.m. and ending at 12:00 a.m. five days per week.  One day each week, Plaintiff Xu worked from 10:00 a.m. to 2:00 a.m.  Plaintiff Xu usually took one day off each week on Saturday, but was required to work at least 4 – 15 hours on a Saturday two times each month

during this period.  During this period of time, Plaintiff Xu regularly worked at least eight six (86) hours per week, and at least ninety (90) hours when he was required to work Saturdays.

36.     Plaintiff Xu was at times required to sleep in the garage in order to work this grueling schedule.

37.     Plaintiff Xu was paid at a daily flat rate of $3,000 per month, in cash.

38.     Additionally, Defendants did not pay Plaintiff Xu $7,000 in wages.

39.     From March 8, 2015 to December 17, 2015 Plaintiff Xue was hired by Defendants to work as a mechanic and perform bus repair and maintenance at Defendants' garage located at 755 Clinton Street, Brooklyn, NY 11231.

40.     On March 11, 2015, Plaintiff Xue suffered and injury and could not return to work until March 20, 2015.

41.     From March 8, 2015 to March 10, 2015, and then from June 30, 2015 Plaintiff Xue worked starting at 9:00 a.m. and ending at 7:00 p.m. six days per week.  Plaintiff Xue usually took one day off each week on Sundays.  Plaintiff Xue regularly worked at least seventy (70) hours per week during this period of time.

42.     From July 1, 2015 to September 30, 2015, Plaintiff Xue worked starting at 11:00 a.m. and ending at 8:00 p.m. six days per week.  Plaintiff Xue usually took one day off each week on Sundays.  Plaintiff Xue regularly worked at least sixty (60) hours per week during this period of time.

43.     From July 1, 2015 to September 30, 2015, Plaintiff Xue worked starting at 11:00 a.m. and ending at 8:00 p.m. six days per week.  Plaintiff Xue usually took one day off each week on Sundays.  Plaintiff Xue regularly worked at least fifty four (54) hours per week during this period of time.

44.     From October 1, 2015 to December 17, 2015, Plaintiff Xue worked starting at 10:00 a.m. and ending at 7:00 p.m. six days per week.  Plaintiff Xue usually took one day off each week on Sundays.  Plaintiff Xue regularly worked at least fifty four (54) hours per week during this period of time.

45.     Plaintiff Xue was paid at a daily flat rate of $5,000 per month, in cash.

46.     Additionally, Defendants did not pay Plaintiff Xue $24,000 in wages.

47.     Plaintiffs were not provided any uninterrupted breaks or any time for meals.

48.     Plaintiffs were not provided any paid sick time.

49.     Plaintiffs were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

50.     Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

51.     The applicable minimum wage for the period of March 8, 2015 to the present is $8.75 per hour.

52.     Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws.

53.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

54.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

55.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

56.     Plaintiffs and the New York Class Members' workdays at times lasted longer than 10 hours.

57.     Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

58.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay and pay day.

59.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

60.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

61.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

62.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

63.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

64.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

65.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

66.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are five (5) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

67.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

68.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

69.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

70.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

71.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

72.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

73.     Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their bus repair and maintenance garage, doing business as JNP Bus Service on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

74.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily

available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

75.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than five (5) members of the class.

76.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including  but  not limited  to  their  failure  to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

77.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons

to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

80.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b.   Whether Defendants paid Plaintiffs and Class members the New York minimum wage for all hours worked;

    c.   Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

    d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    e.   Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

    f.   At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

81.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82.   At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

83.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

84.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

85.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. §206(a).

86.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

87.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

88.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage]**

89.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90.     At all relevant times, plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

92.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

93.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

94.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

95.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

96.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

97.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to

Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

98.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

99.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

100.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay]**

101.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

103.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

104.    Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay]

105.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

107.    Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

110.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the

employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

111.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiffs even after the fact.

112.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

113.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

114.    The NYLL and supporting regulations require employers to provide detailed  paystub information to employees every payday. NYLL §195-1(d).

115.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiffs' payday.

116.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective plaintiffs,

respectfully requests that this court enter a judgment providing the following relief:

a)      Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)      Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)     An injunction against JNP Bus Service Inc. and Taos Global Group, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid wages and minimum wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

n)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)    The cost and disbursements of this action;

p)    An award of prejudgment and post-judgment fees;

q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York January 15, 2015        HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

24

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by JNP Bus Service Inc., Xiao Long Chen, Taos Global Group Inc., Wen Liang Wu, Pei Gen Tao and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Xi Qun Xu_
Full Legal Name (Print)

_Allen_
Signature

_1/15/16_
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by JNP Bus Service Inc., Xiao Long Chen, Taos Global Group Inc., Wen Liang Wu, Pei Gen Tao and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Yi Di, Xue*

Full Legal Name (Print)

Signature

1/15/16

Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     Pei Gen Tao, and Xiao Long Chen

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xi Qun Xu and Yi Di Xue, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of JNP Bus Service Inc.. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: January 15, 2016

29

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Pei Gen Tao, and Wen Liang Wu

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xi Qun Xu and Yi Di Xue, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Tao Global Group. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: January 15, 2016

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:    JNP Bus Service Inc.
        755 Clinton Street
        Brooklyn, New York 11231

PLEASE TAKE NOTICE, that Xi Qun Xu and Yi Di Xue and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: January 15, 2016

32

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:    Taos Global Group
        6311 Queens Blvd.
        Woodside, New York 11377

PLEASE TAKE NOTICE, that Xi Qun Xu and Yi Di Xue and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: January 15, 2016