FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 28 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
XI QUN XU and YI DI XUE, individually and
on behalf of all other employees similarly
situated,

                                              Plaintiffs,          **MEMORANDUM AND ORDER**
-against-                                                 16-CV-0245 (AMD) (ST)

JNP BUS SERVICE INC., et al,

                                              Defendants.
-----------------------------------------------------------------------X

**Ann M. Donnelly, United States District Judge:**

On January 15, 2016, the plaintiffs Xi Qun Xu ("Xu") and Yi Di Xue ("Xue") filed this complaint against the defendants JNP Bus Service Inc. ("JNP"), Taos Global Group Inc. ("Taos"), Xiao Long Chen ("Chen"), Wen Liang Wu ("Wu"), and Pei Gen Tao ("Pei") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Compl., ECF No. 1.) The plaintiffs properly served JNP, Taos, and Chen; however, none of them filed an answer or appeared in this action. (ECF Nos. 11, 12, 16.) The Clerk of the Court entered defaults against JNP, Taos, and Chen, and the plaintiff moved for default judgment against these defendants on April 14, 2017. (Minute Entry, August 4, 2016; ECF Nos. 20-22.) Notwithstanding their default motion, on October 19, 2017, the plaintiffs dismissed their claims against defendants Taos and Pei "without prejudice" and "without costs or attorneys' fees." (ECF No. 31.)

On February 26, 2018, Magistrate Judge Steven Tiscione issued a Report and Recommendation ("R&R") recommending that I grant the plaintiff's motion for default judgment against JNP, Chen, and Taos. (ECF No. 32.) Judge Tiscione also recommended that I hold these three defendants jointly and severally liable for a judgment awarding the plaintiffs

1

$95,740.72, consisting of (i) $27,314.55 in damages and prejudgment interest to plaintiff Xu; (ii) $60,701.17 in damages and prejudgment interest to plaintiff Xue; (iii) $6,875.00 in attorneys' fees; and (iv) $850.00 in costs and disbursements. (ECF No. 32, at 22.) Judge Tiscione ordered the parties to file objections to the R&R by March 12, 2018. (*Id.*) Although Judge Tiscione ordered the plaintiffs to serve copies of the R&R on the defendants within seven days of the filing of the R&R, the plaintiffs did not do so until March 13, 2018. (ECF No. 33.) On March 13, 2018, the plaintiffs, along with defendant Taos, objected to the R&R, arguing that Taos was not jointly and severally liable for any damages awarded in this case because the plaintiffs dismissed their claims against Taos without prejudice and "without costs or attorneys' fees." (ECF No. 34.) The other defaulting defendants—Chen and JNP—did not file any objections.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because the plaintiffs dismissed their claims against defendant Taos without prejudice and without costs or attorneys' fees before the issuance of the R&R, I agree that Taos is not liable for any damages in this case. However, the rest of Judge Tiscione's thoughtful and comprehensive opinion has no clear error. Since none of the parties raised any objections to Judge Tiscione's finding of liability or to his damages calculations, I adopt the Report and Recommendation in its entirety as to defendants Chen and JNP. *See Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) ("[T]he district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'") (quoting *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)); *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no party has timely objected to the magistrate judge's

recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record") (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Accordingly, I grant the plaintiffs' motion for default judgment [22] with respect to defendants JNP and Chen. Defendants JNP and Chen are jointly and severally liable for the total amount of $95,740.72 ($27,314.55 in damages and prejudgment interest to plaintiff Xu, $60,701.17 in damages and prejudgment interest to plaintiff Xue, $6,875.00 in attorneys' fees; and $850.00 in costs and disbursements).[1]

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 28, 2018

---

[1] Defendant Wu appears to be the only named defendant left in this case, as the plaintiff did not move for default judgment against him or voluntarily dismiss their claims against him. (*See* ECF Nos. 22, 31.) However, it is unclear whether the plaintiffs actually served Wu in this case. By April 3, 2018, the plaintiffs must advise the Court if they intend to proceed with their claims against Wu, and if so, why he has not been served.